**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg**

**CLIFFORD WILLIAMS-BEY,**

>          Petitioner,

**v.**                                                          **Case No. 1:19-cv-1**
                                                                Judge Kleeh

**MS. JENNIFER SAAD, Warden,**

>          Respondent.

## <u>REPORT AND RECOMMENDATION</u>

On January 2, 2019, the petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 together with a Motion for Leave to Proceed *in forma pauperis*. On March 28, 2019, the petitioner was granted leave to proceed *in forma pauperis* but was directed to pay the $5 filing fee which he did no May 3, 2019.   Accordingly, this matter, pending before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2, <u>et seq.</u>, is ripe for review.

## I.   <u>History</u>

Following a jury trial in the Superior Court of the District of Columbia, the petitioner was convicted of mayhem while armed, in violation of 22 D.C. Code, Sections 406 and 4502; aggravated assault while armed in violation of 22 D.C. Code, Section 404.1 and 4502; carrying a dangerous weapon, in violation of 22 D.C. Code, Section 4504(a); and assault with a dangerous weapon, in violation of 22 D.C. Code, Section 402.   On September 5, 2003, he was sentenced to imprisonment for a total of 30 years, to be followed by supervised release for a period of five years.

The petitioner, through counsel, appealed his conviction to the District of

Columbia Court of Appeals ("Court of Appeals'). On April 13, 2004, the petitioner, through counsel, filed a Motion for a new trial based upon the ineffective assistance of trial counsel pursuant to D.C. Code § 23-110 (petitioner's first §23-110 motion).   The Court of Appeals stayed the direct appeal pending a decision from the Superior Court regarding the first § 23-100 motion.   On October 1, 2004, the government filed its opposition. On January 27, 2006, the Superior Court denied his motion.   He did not appeal this denial.   On January 8, 2008, the Court of Appeals affirmed the petitioner's convictions.

On July 17, 2010, the petitioner filed a motion for a new trial based upon ineffective assistance of trial counsel pursuant to D.C. Code 23-110 (petitioner's second § 23-110 motion").[1] On November 2, 2010, the Superior Court dismissed the second § 23-110 as moot. The petitioner appealed this decision, and on September 27, 2012, the Court of Appeals dismissed the appeal as untimely filed.

The petitioner then filed *pro se* §23-110 motions on August 2, 2012, November 2, 2012, and January 10, 2013, which the Superior Court considered as the petitioner third § 23-110 motion.   On May 24, 2013, the Superior Court found the claims were procedurally barred and also rejected them on the merits.

The petitioner filed yet another § 23-110 motion on October 24, 2010, which was denied on May 24, 2013.   The petitioner filed a fifth §23-110 motion on August 3, 2018, which was denied on February 1, 2019.   Currently pending in the Superior Court is the petitioner's motion for compassionate relief.

---

[1]  The petitioner re-filed his first § 23-110 motion as a new motion.

## II. Instant Petition

The petitioner brings this case pursuant to § 2241 alleging multiple claims in support of his request that his conviction and judgment be reversed and vacated. Among his allegations, are fraud, misrepresentation that led to fraud, actual innocence, ineffective assistance of trial counsel and appellate counsel, and newly discovered evidence.

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and

3

therefore, no response has been required of the respondent.

## IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).  That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act").  The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110.  Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform

Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110.").  If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."**  Blair-Bey, supra at 1042 (emphasis added.)  In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977).  In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully.  430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted).  Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'"  Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is

inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review."   Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255").   Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, the petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence.   His lack of success on at least five prior collateral attacks on his conviction, does not render his local remedy inadequate or ineffective.   See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## V. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because it does not demonstrate that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of the petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to

entertain the same.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave   to exceed the page   limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 1, 2021

*/s Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

7