IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**CLIFFORD WILLIAMS-BEY,**

        Petitioner,

v.                                                 **Civil Action No. 1:19-CV-1**
                                                    Judge Bailey

**MS. JENNIFER SAAD,** Warden,

        Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Aloi [Doc. 35]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on October 1, 2021, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

In the petition, petitioner alleges multiple claims in support of his request that his conviction and judgment be reversed and vacated. Among his allegations are fraud, misrepresentation that led to fraud, actual innocence, ineffective assistance of trial counsel and appellate counsel, and newly discovered evidence. *See* [Doc. 1 at 6–8].

As relief, petitioner requests that any judgment or order in the Superior Court for the District of Columbia be reversed, vacated, or dismissed due to fraud and actual innocence. *See* [Id. at 9]. Petitioner also requests an evidentiary hearing. *See* [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure. Plaintiff timely filed his objections [Doc. 39] on October 14, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

#### A. Objections to R&R

In the R&R, Magistrate Judge Aloi found that petitioner "made no demonstration that the remedy available under § 23-110 is an 'inadequate or ineffective' means of challenging his sentence." *See* [Doc. 35 at 6]. The magistrate judge also held that his lack of success on at least five (5) prior collateral attacks on his conviction does not render his local remedy inadequate or ineffective.

Petitioner filed his objections on October 14, 2021. *See* [Doc. 39].[1] Therein, in the first three pages, petitioner lays out the petitions and motions he has filed, provides a historical background of a trial and an arraignment, and requests an evidentiary hearing. *See* [Doc. 39 at 1–3]. The last three pages have numbered paragraphs that cite to Rule 60(B)(6), 60(B)(1), and the Sixth Amendment. *See* [Id. at 4–6]. Petitioner asserts ineffective assistance of counsel against his trial counsel and appellate counsel. As to his trial counsel, petitioner argues that he failed to present exculpatory evidence that is present in police photographs, medical x-ray, and forensic and ballistic reports. *See* [Id. at 4–5]. As for his appellate counsel, petitioner asserts that his counsel failed to investigate tangible evidence which was exculpatory to the defense. *See* [Id. at 5].

---

[1] This Court would note that petitioner's filing states that his § 2241 was denied and dismissed without prejudice. However, this is not the case and this Court construes his Motion as Objections to the R&R.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

This Court cannot find one objection to Magistrate Judge Aloi's R&R within petitioner's objections. Petitioner spends most of his time discussing the background of his case and how he believes his trial and appellate counsel misrepresented him. Thus, it appearing to this Court that petitioner's objections contain no actual legal objection to Magistrate Judge Aloi's R&R, this Court will adopt the R&R and overrule petitioner's objections.

4

## IV. CONCLUSION

A *de novo* review is unnecessary in this case based on plaintiff's vague objections. Accordingly, the magistrate judge's report and recommendation [**Doc. 35**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report, and petitioner's Petition for Habeas Corpus Pursuant to § 2241 [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Petitioner's objections [**Doc. 39**] are hereby **OVERRULED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October 15, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE